IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jacqueline German,<br><br>                      Plaintiff,<br><br>vs.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br>                      Defendant. | Civil Action No. 5:19-cv-1975-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed September 3, 2020, recommends the decision of the Commissioner be affirmed. ECF No. 22. On September 15, 2020, Plaintiff filed objections to the Report. ECF No. 24. On September 17, 2020, the Commissioner filed a response to Plaintiff's objections. ECF No. 27. For the reasons stated below, the court declines to adopt the Report, reverses the decision of the Commissioner, and remands the case for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

**<u>Standard</u>**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

2

administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for DIB on February 3, 2015, alleging disability as of May 11, 2011, with an amended alleged onset date of January 7, 2013, due to neck and back problems after a fall, and back surgery. R[2]. at 269. Plaintiff's application was denied initially and upon reconsideration. On March 13, 2018, a hearing was held before an Administrative Law Judge ("ALJ"), who denied Plaintiff's claim on August 8, 2018. Plaintiff requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action July 16, 2019. ECF No. 1.

---

[2] Citations to the Record are denoted by "R."

3

**Discussion**

The Report recommends the court affirm the ALJ's determination of Plaintiff's RFC as supported by substantial evidence. ECF No. 22. Plaintiff objects to the Report, arguing the ALJ failed to consider all relevant evidence in formulating the RFC, and failed to explain why she gave "outsized weight to certain parts of the record." ECF No. 24 at 2. Plaintiff contends the ALJ did not consider the opinion of a treating physician from 2015 or explain the weight given to it. *Id.* at 2-3. She also notes the Commissioner has determined Plaintiff to be disabled as of one day after the ALJ's unfavorable decision, with no change in her medical condition. *Id.* at 4.

The Commissioner replied, arguing Plaintiff's objection regarding the treating physician's opinion was waived as not previously raised. ECF No. 27 at 1. He contends the RFC is supported by substantial evidence and notes the court should not reweigh evidence. Further, he argues the subsequent benefits award should not be considered because the relevant period under consideration ended prior to the filing of the new application, and the "subsequent favorable decision is not part of the administrative record and Plaintiff has failed to demonstrate that it should otherwise be considered." *Id.* at 3.

   1) *RFC Formulation*

Plaintiff complains the ALJ did not consider the opinion of treating physician Dr. Anderson from the Southeastern Spine Institute, who opined on June 22, 2015 that Plaintiff "was unable to work at this time and for the foreseeable future due to previous neck and back issues requiring fusion surgery." ECF No. 24 at 2; R. at 615. The Commissioner argues Plaintiff did not raise this

4

argument in her brief before the Magistrate Judge, cannot now raise this issue for the first time, and therefore has waived review.

In support of his waiver argument, the Commissioner cites *Elezovic v. England*, 200 F. App'x 193, 194 (4th Cir. 2006) (unpublished) (finding, in an employment discrimination case, that failure to develop an argument in opening appeal brief amounts to abandonment of the issue on appeal) and *Brown v. Colvin*, No. 5:13-CV-02499-JMC, 2015 WL 1520345, at *4 (D.S.C. Mar. 31, 2015) (finding the plaintiff made "little mention of his obesity in his initial brief, bringing it up only in the statement of facts and in discussion in conjunction with his non-severe impairments . . . as such, this is a new argument that has not been presented, and is therefore waived," but going on to consider the argument and finding it failed on the merits).

The issue of waiver, however, depends on whether the matter not raised before the Magistrate Judge is a new issue or a new argument directed to an issue that was raised. The Fourth Circuit applies the framework set out in *United States v. George*, 971 F.2d 1113 (4th Cir. 1992), as amended Aug. 12, 1992. The *George* court held

> We believe that as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate. By definition, de novo review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to de novo review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate. The district court cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, provided that proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to de novo review by the district court thereby established. Not only is this so as a matter of statutory construction; any other conclusion would render the district court's ultimate decision at least vulnerable to constitutional challenge.

*Id. at* 1118 (cited with approval in *Samples v. Ballard*, 860 F.3d 266, 272 (4th Cir. 2017)). *Samples* applied the framework set out in *George*, which "envisions a hierarchical scheme, wherein a legal case is divided into issues, and issues are further subdivided into arguments." 860 F.3d at 272. Issues are defined as the "asserted grounds for relief," and arguments as "whatever position is taken in support of or against each asserted ground for relief." *Id.* at 273.  Therefore, all arguments supporting any issue presented to the Magistrate Judge must be reviewed de novo, but new issues not previously presented are waived.  District courts in this Circuit have applied this framework in the Social Security context.  *Burgess v. Berryhill*, C.A. No. 9:16-cv-3037-PMD-BM, 2018 WL 1281482, at *1-2 (D.S.C. March 13, 2018); *Jordan v. Berryhill*, Civil No. 1:16-cv-951, 2018 WL 555716, at *1 (E.D. Va. Jan. 23, 2018).

Plaintiff brings her argument regarding Dr. Anderson's 2015 opinion in the context of the formulation of the RFC, arguing the ALJ did not consider relevant evidence when formulating Plaintiff's RFC.  ECF No. 24 at 2.  Therefore, the failure to consider Dr. Anderson's opinion is an argument within the issue of alleged failure to consider relevant evidence when formulating the RFC, an issue raised by Plaintiff in her opening brief and response brief before the Magistrate Judge.  ECF Nos. 14 ("The ALJ's RFC Determination is not supported by substantial evidence"),

17.[3] Accordingly, the court must consider de novo Plaintiff's argument regarding Dr. Anderson's 2015 opinion.

On June 22, 2015, Dr. Thomas Anderson of Southeastern Spine Institute completed a Status/Progress Report of Illness/Injury form as one of Plaintiff's treating physicians. R. at 615. On this form, he noted Plaintiff "cannot work" and stated "she is unable to work at this time and for the foreseeable future due to previous neck and lower back issues requiring fusion surgery. If no job is available with the stated modified duties, consider Jacqueline German to be off work." *Id.* Appearing in the same exhibit, 11F, are a Cervical Spine MRI report, an appointment reminder, and a termination notice from her employer finding, due to her permanent medical restrictions, she could no longer perform the essential functions of her job. R. at 616-20. Dr. Anderson's treatment note from the same day has more detail regarding her previous treatment and future options. R. at 638-39. He did "not think she is a good candidate for additional surgery," and it was "unlikely, in [his] opinion, that she will be able to participate in work for the foreseeable future secondary to cervical and lumbar issues." R. at 639.

"Medical opinions" typically are statements from physicians or acceptable medical sources that "reflect judgments about the nature and severity of [a claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her]

---

[3] Further, the Commissioner obviously considers Plaintiff's objection regarding Dr. Anderson's opinion to be raising a new argument, not a new issue. ECF No. 27 at 1 ("Although Plaintiff's Statement of Facts refers to Dr. Anderson's opinion that she was unable to work, Plaintiff did not make any actual argument about the ALJ's consideration of Dr. Anderson's opinion. Accordingly, for purposes of this Court's review, Plaintiff has waived this argument.").

physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The amount of weight accorded to opinions is well-settled.[4] Generally, the Commissioner will give more weight to the opinion of a treating physician (or other acceptable treating source) who has examined the claimant than to a non-examining physician. *Id.* § 404.1527(c)(1). This allocation of weight makes sense for at least two reasons. First, treating physicians

> are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Id.* § 404.1527(c)(2). Second, the opinion of a treating physician often "reflects a judgment based on continuing observation" for, in some cases, many years. *Campbell v. Bowen*, 800 F.2d 1247, 1250 (4th Cir. 1986).

As a result, as long as the medical opinion of the claimant's treating physician is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record," such opinion must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). "By negative implication, if a [treating] physician's opinion is not supported by clinical evidence or if it is inconsistent with other

---

[4] Plaintiff filed her application for DIB in February 2015. Since then, the SSA has adopted new regulations about the weight afforded to treating physicians' opinions, but those regulations only apply to claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c (stating "[f]or claims filed before March 27, 2017, the rules in § 404.1527 apply"); *see also* 82 Fed. Reg. 15,263 (stating the rescissions of SSR 96-2p, 96-5p, and 06-3p were effective for "claims filed on or after March 27, 2017").

substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

An analysis of a treating physician's medical opinion is, therefore, sequential. The Commissioner must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." Social Security Ruling ("SSR") 96–2p, 1996 WL 374188, at *2. If the answer to this question is no, then the inquiry at this stage is complete. *Id.* If the Commissioner finds the opinion is well-supported, he must then confirm the opinion is consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.* SSR 96–2p contemplates the Commissioner will make a finding as to whether a treating physician's opinion is entitled to controlling weight.[5] *Id.*

It follows the Commissioner is not required to accept a treating physician's medical opinion at all, much less do so wholesale. The Commissioner must, however, provide sufficient explanation of his final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate finding of disability. *Radford,* 734 F.3d at 295. To that end, the Commissioner must set forth the reasons for crediting or discrediting relevant or pertinent medical

---

[5] SSRs are "final opinions and orders and statements of policy and interpretations" the SSA has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the SSA. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass v. Chater*, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995).

evidence. *Id.* (noting the Commissioner's decision "should include a discussion of which evidence [he] found credible and why"); *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) ("The deference accorded an ALJ's findings of fact does not mean that we credit even those findings contradicted by undisputed evidence."). Although the Commissioner may properly accept some parts of the medical evidence and reject other parts, he must consider all of the evidence and give some reason for discounting the evidence he rejects.[6] *Cf. Lewis*, 858 F.3d at 869 ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.") (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). Moreover, when the medical opinion of a treating physician is not given controlling weight, the Commissioner must consider certain factors in determining the weight to give such opinion, including the examining relationship, the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency of the opinion with the record, specialization, and other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

Notably, not every physician's opinion is a "medical opinion" under 20 C.F.R. § 404.1527(a)(1). For example, a treating physician's opinion an applicant is "disabled" or "unable to work" is not an opinion that must be given controlling weight or special significance. *Ellis v.*

---

[6] Thorough findings by the Commissioner also instill confidence and transparency in the benefits disposition process by letting claimants "understand the disposition of their cases." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

10

*Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *Morgan v. Barnhart*, 142 F. App'x. 716, 722-23 (4th Cir. 2005); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also* SSR 96-5p, 1996 WL 374183, at *2 ("However, treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."). Nevertheless, a treating physician's opinion on an issue reserved to the Commissioner "must never be ignored." SSR 96-5p, 1996 WL 374183, at *3. The Commissioner "must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record" by applying factors set forth in 20 C.F.R. § 404.1527(c)(2)-(6).[7] *Id.*

In this case, the ALJ does not mention Dr. Anderson, or his 2015 opinion, at all. Despite Plaintiff's amended onset date of January 7, 2013, the ALJ discusses medical findings in 2011 and 2012 but hardly any in 2014 and 2015. She then discusses the most recent MRI, performed in 2017. However, there is no discussion of Dr. Anderson's 2015 opinion, much less an analysis of its weight. As noted above, a treating physician's opinion on an issue reserved to the Commissioner must never be ignored; however, that is precisely what happened here. Further, the court notes Dr. Anderson's opinion appears consistent with at least some contemporaneous

---

[7] The court notes 20 C.F.R. § 404.1527 was amended in 2012 with the subsection formerly labeled as § 404.1527(d) referenced in SSR 96-5p being renumbered as § 404.1527(c), but without any substantive change. *See How We Collect and Consider Evidence of Disability*, 77 Fed. Reg. 10,651, 10,656 (Feb. 23, 2012) (codified at 20 C.F.R. pt. 404).

11

medical records from Southeastern Spine and from Dr. Aymond, who discharged Plaintiff in 2015 after determining there was "no further treatment [he] can render for the patient to lessen her degree of impairment." R. at 626.[8]  Dr. Aymond also noted "Patient is not return to gainful employment" [*sic*] at that same visit on September 21, 2015.  R. at 625.  However, despite this information appearing in the record, the ALJ did not provide the required analysis of Dr. Anderson's opinion regarding Plaintiff's ability to work and its impact on the RFC formulation.[9]

The court therefore finds reversal and remand for further administrative action appropriate under Sentence Four.  The ALJ should consider the 2015 opinion by Dr. Anderson, as well as the medical evidence from the surrounding time period, and assign weight according to SSR 96-2p.

2) *Subsequent Benefits Award*

Lastly, Plaintiff argues the Magistrate Judge failed to consider Plaintiff was granted disability benefits starting August 9, 2018 – one day after the ALJ's unfavorable decision. ECF No. 24 at 4.  She contends nothing in her medical condition changed, and cites *Harvey v. Colvin*,

---

[8] It does not appear the ALJ considered this opinion by Dr. Aymond, or medical records from this time period.

[9] Plaintiff also argues although the Magistrate Judge found the ALJ "carefully considered the objective medical evidence of Plaintiff's MRIs, those MRI results are actually quite serious." *Id.* (citing R. at 617).  It is not the function of the court to assess the seriousness of the objective medical findings and what symptoms they may cause – that is the province of the ALJ.  The ALJ specifically considered the 2017 MRI study performed and noted the degenerative changes above and below the fusion, as cited by Plaintiff in her objections.  However, as noted, it is not clear the ALJ considered the 2015 MRI.

12

No. 5:13-cv-074, 2014 WL 4093483, at *5 n.2 (W.D. Va. Aug. 18, 2014) in support of her argument the case should be remanded, "perhaps even Sentence Six remand." ECF No. 24 at 4-5.

The Commissioner argues a subsequent decision that a claimant is (or has become) disabled is not itself "new and material" evidence warranting a remand. ECF No. 27 at 3 (citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009); *Johnson v. Astrue*, 2011 WL 902966 (D.S.C. March 15, 2011)). He contends that to demonstrate remand on the basis of a new disability determination is appropriate, a claimant must show that the subsequent determination is itself based on new and material evidence that she had good cause for not raising in the first proceeding. *Id.* As Plaintiff has not done this, he argues, her objection should be denied.

The Fourth Circuit has not ruled in a published opinion whether a subsequent decision by the Commissioner granting benefits constitutes new and material evidence warranting remand. In an unpublished opinion, the Fourth Circuit has cited the Sixth Circuit's holding a "subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." *Baker v. Comm'r of Soc. Sec.*, 520 F. App'x 228 (4th Cir. 2013) (unpublished) (citing *Allen v. Comm'r.*, 561 F.3d 646, 653 (6th Cir. 2009). The *Baker* court "rejected Baker's claim that she is entitled to a sentence six remand on the basis of a subsequent administrative decision awarding benefits" and noted Baker did not meet her burden of showing the evidence relied upon in reaching the subsequent favorable decision pertained to the period under consideration. *Id.* at *1 n.2.

Without binding authority, district courts in this Circuit have differed in their approach to the issue whether a subsequent favorable decision is new and material evidence necessitating

13

Sentence Six remand.  For example, several courts in Virginia have decided a favorable decision backdated to award benefits one day after a denial constitutes new and material evidence requiring remand.  *See, e.g.*, *Hayes v. Astrue*, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) (holding "it is at least reasonable that evidence supporting an onset date one day removed may be persuasive. In light of the possible inconsistency between the first decision and the subsequent finding of disability related to the second application, this case should be remanded for further consideration."); *Harvey v. Colvin*, C/A No. 5:13cv00074, 2014 WL 4093483, at * 5 (W.D. Va. Aug. 18, 2014) (noting "the Commissioner has deemed Harvey disabled apparently based on evidence very similar to the evidence in the case before this Court. Mindful of this Court's role in reviewing agency decision-making, I find it appropriate to allow the Commissioner the opportunity to determine whether Harvey was disabled prior to August 21, 2012."); *Goode v. Astrue*, No. 6:09CV00045, 2011 WL 926855, at *8–9 (W.D. Va. Feb. 25, 2011), report and recommendation adopted, No. 6:09-CV-00045, 2011 WL 926719 (W.D. Va. Mar. 15, 2011) ("there is a reasonable probability that the new evidence would have changed the outcome of the instant case. . . . The Commissioner's subsequent decision is highly relevant to the determination of disability in this case.").

However, there are other cases in this District and in the Fourth Circuit declining to remand under Sentence Six.  One Virginia court thoroughly analyzed the conflict between *Allen* and *Hayes*, and determined *Allen's* analysis of the statutory language of § 405(g) was persuasive. *Phillips v. Astrue*, No. 7:12-CV-194, 2013 WL 485949, at *4 (W.D. Va. Feb. 5, 2013).  *Phillips* found that plaintiff failed to meet his burden to make a showing that the subsequent decision was

14

supported by new and material evidence requiring remand, as he relied solely on the existence of the subsequent decision. *Id.* ("This burden is especially relevant in the instant case, where [plaintiff] has not advised the Court of the reasons for the finding of disability on the subsequent application. It contravenes the requirements of § 405(g) to remand on the mere possibility that new and material evidence may be discovered or presented to the ALJ."); *see also Griffin v. Comm'r, Soc. Sec. Admin.*, No. 2:17-CV-644-AMQ-MGB, 2018 WL 4519339, at *6 (D.S.C. July 2, 2018), *report and recommendation adopted sub nom. Griffin v. Berryhill*, No. 2:17-CV-644-AMQ, 2018 WL 3912949 (D.S.C. Aug. 16, 2018) (citing *Fagg v. Chater*, 1997 WL 39146, *2 (4th Cir. Feb. 3, 1997) (unpublished) ("Claimant bears the burden of showing that the requirements for a sentence six remand have been met. . . . Plaintiff has not shown a proper basis for sentence six remand.").

Similarly, in a case where the plaintiff provided no new medical records but stated his medical condition had not changed between denial and subsequent award of benefits, the district judge declined to remand under Sentence Six. *Dickens v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-12-3708, 2013 WL 5340921, at *3 (D. Md. Sept. 20, 2013) ("Having reviewed the cases adopting both approaches, I agree with the rationale set forth by the *Allen* and *Atkinson* courts. As was noted in those cases, Mr. Dickens's Notice of Award itself does not summarize the evidentiary basis for the second decision. Without any updated medical records or evidence, I cannot find that Mr. Dickens has met his burden to establish new and material evidence."); *see also Fallon v. Colvin*, No. 2:12CV423, 2013 WL 5423845, at *12 (E.D. Va. Sept. 26, 2013) ("Simply because Fallon was found disabled on a subsequent application does not prove that the ALJ decision being considered was incorrect or unsupported by substantial evidence. Though there is no published

15

Fourth Circuit precedent on this issue, other courts have held that a subsequent favorable decision on a new application for benefits is not "material" evidence to warrant a remand.").

In this case, however, the court need not make a determination as to whether Sentence Six remand is necessary for new and material evidence of the subsequent benefits decision. Because Sentence Four remand is necessary on the issue of the RFC and Dr. Anderson's opinion, the court instructs the ALJ to consider Plaintiff's argument regarding the impact of the subsequent award of benefits and its potential inconsistency with the finding of nondisability here.

## Conclusion

For the reasons set forth above, the court declines to adopt the Report[10], reverses the decision of the Commissioner, and remands the case for further administrative proceedings consistent with this opinion.[11]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 26, 2020

---

[10] Although the Report did not address Dr. Anderson's 2015 opinion or the impact of the subsequent award of benefits, it recommended affirming the Commissioner. The court therefore declines to adopt the conclusion of the Report.

[11] The clerk of the Court will enter a separate judgment pursuant to the Federal Rules of Civil Procedure, Rule 58.

16